UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

D-1 HARRY WISE and
D-2 JAMES ALLEN WISE,

   Defendants.
          /

Criminal No. 18-20799

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS' MOTIONS
FOR REVOCATION OF DETENTION ORDER [84] [86]**

  This matter is before the Court on Defendants Harry Wise and James Allen Wise motions for revocation of their detention orders. (ECF Nos. 84 & 86.) Both Defendants pleaded guilty to drug conspiracy offenses and are in detention awaiting sentencing. They seek relief from custody because of the COVID-19 pandemic. The Government opposes the motions and opposes releasing Defendants from custody. The parties have fully briefed the issues and the Court concludes that a hearing on the motions is not necessary.[1] For the reasons set forth below, the Court **DENIES** the motions.

**I. BACKGROUND**

  On December 4, 2018 an indictment was filed under seal charging both Defendants with distribution of controlled substances, death resulting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). On December 5, 2018 Defendants were arrested, and

---

[1] On April 13, 2020, the Court held an informal teleconference with the parties regarding issues raised in the motion and whether a hearing was necessary.

1

on December 6, 2018, they were brought before Magistrate Judge Mona K Majzoub who ordered Defendants temporarily detained pending a detention hearing.

On December 19, 2018, after a lengthy detention hearing, Magistrate Judge R. Steven Whalen ordered Defendants released on a $10,000.00 unsecured bond. The government appealed that decision. On December 21, 2018, District Court Judge Stephen J. Murphy heard the appeal.[2] Judge Murphy revoked the order granting bond and ordered that Defendants be detained pending trial. Defendants did not appeal Judge Murphy's order.

On August 22, 2019, Defendant Harry Wise pled guilty to Count 2 of the superseding indictment pursuant to a Rule 11 plea agreement. In September 2019, Defendant James Wise similarly pled guilty pursuant to a Rule 11 plea agreement. The government contends that under their Rule 11 plea agreements, James Wise's guideline range is expected to be 152-189 months after a government recommended variance, and Harry Wise's guideline range is expected to be 210-240 months. Defendants have not been sentenced because the parties agree that their sentencing should occur after the trial of their codefendant and their codefendant's trial has been repeatedly delayed for various reasons outside the control of Defendants. Defendants now seek release from custody until they can be sentenced arguing that the COVID-19 pandemic constitutes an exceptional circumstance that warrants their release.

## II. ANALYSIS

### A. Defendants do not meet the requirements of § 3143.

---

[2] This case was originally assigned to Judge Battani. Because she was unavailable at the time, Judge Murphy as the presiding district judge heard the Government's appeal.

The provisions of 18 U.S.C. § 3143 govern the "Release or detention of a defendant pending sentence or appeal." Because Defendants are awaiting sentencing for offenses under the Controlled Substances Act that carry a maximum term of imprisonment of at least ten years, their releases are governed by 18 U.S.C. § 3143(a)(2):

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A) (ii) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

Here, Defendants entered guilty pleas and waived their respective rights to appeal as part of their Rule 11 plea agreements. Defendants' motions do not identify a ground upon which a motion for acquittal or new trial could be granted. The Government will not, and cannot, recommend that Defendants receive sentences of no imprisonment. And it has already been determined by the presiding district court judge that, by clear and convincing evidence, no condition or combination of conditions will reasonably assure Defendants appearance or assure the safety of the community. Defendants offer no new evidence, other than the existence of the COVID-19 pandemic, that changes the facts of this case. As such, the Court finds that Defendants do not meet the requirements for release under 18 U.S.C. § 3143(a)(2).

**B. Defendants do not establish exceptional reasons as to why continued detention would not be appropriate**.

In their reply brief, Defendants also assert that they should be released under 18 U.S.C. § 3145(c). Defendants contend the COVID-19 pandemic constitutes an exceptional circumstance warranting release on bond notwithstanding the Court's analysis under 18 U.S.C. § 3143.

The Government responds that the Court does not have authority to review Defendants' detention order or to release Defendants on bond under 18 U.S.C. § 3145. The Government contends review under that section is limited to review by the Court of Appeals for the Sixth Circuit. The Court disagrees with the Government on this point. "A defendant subject to detention under § 3143(a)(2) may be released if it is 'clearly shown', among other things, that there are 'exceptional reasons' why his detention is inappropriate. 18 U.S.C. § 3145(c)." *United States v. Christman*, 596 F.3d 870, 870 (6th Cir. 2010); *see also United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (holding that district court judge was not precluded from making a determination of exceptional circumstances in support of release.). In *Christman*, the Sixth Circuit found the district court erred in failing to consider whether the defendant established exceptional circumstances to support his release pending sentencing, and reversed the district court's order with instructions to consider the defendant's exceptional circumstances arguments. *Id.* Following the Sixth Circuit's instruction in *Christman*, the Court will consider whether Defendants establish exceptional circumstances warranting their release on bond pending sentencing.

Here, Defendants assert they should be released pending sentencing because the country is currently experiencing the COVID-19 pandemic and they are at risk of

4

contracting the virus if they remain incarcerated. Defendant Harry Wise indicates that he faces additional risk because he has a history of asthma. Defendant James Wise, however, presents more generalized concerns about the COVID-19 pandemic and does not claim he has an underlying health condition that places him at an increased risk if he becomes infected.

In its response brief, the Government states that no persons at FDC Milan had tested positive for COVID-19. The Government also described the significant steps the Bureau of Prisons is taking to prevent the spread of the virus. But in a supplemental briefing the Government states that 11 detainees or inmates and at least 10 staff members at the Milan facility have tested positive for the virus. The Government does not indicate whether Defendants have been in contact with any of the infected individuals. Nor does the Government explain what additional steps, if any, are being taken to prevent additional spread of the virus.

Having considered the entire record in this matter, the Court finds that Defendants generalized concerns about the risk for contracting the virus do not amount to "exceptional circumstances" that warrant their release pending sentencing under § 3145(c). The Court further finds that Defendant Harry Wise's arguments concerning the potential additional risks he may face if exposed to the virus do not amount to exceptional circumstances that warrant his release pending sentencing under § 3145.[3] As the Government points out, Defendants are no in greater danger of contracting COVID-19 than any other person, and the BOP has instituted numerous precautionary measures to

---

[3] While the Government does not dispute that Defendant Harry Wise actually suffers from asthma, the Government correctly points out that the record lacks sufficient information concerning the scope and history of Defendant's condition.

5

mitigate the spread of the virus. Indeed, while housed at FDC Milan, Defendants have access to on-site medical professionals to monitor their health and the health of those around them. There is nothing in the record establishing that Defendants' medical needs would not be met while detained, or that their release is otherwise medically necessary. There is also nothing in the record to establish that Defendants would be less likely to be exposed to the virus, or would receive better care if infected, outside of the Milan facility.

Moreover, to the extent Defendants have already been exposed to the virus, releasing Defendants creates additional risks and danger to the public at large. The Court finds that granting Defendants' requested relief may well endanger the public, pretrial services officers, and local law enforcement officers who are already operating under the strain of limited resources. And while the Court recognizes that Defendants' have been detained pending sentencing longer than they expected, their situation is at least in part the product of their own choosing. In sum, Defendants fail to establish exceptional circumstances warranting their release under § 3145(c).

### III. CONCLUSION

For the above-stated reasons, Defendants motions are **DENIED.**

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 15, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

6

7